

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

06 JAN -4 PM 1:22

LONNY BRISTOW,
    Plaintiff

vs

WILLIAM ELEBY, et al.,
    Defendants

Case No. 1:06CV002

Weber, J.
Black, M.J.

**ORDER**

Bristow v. Eleby et al    Doc. 4

    Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this action pursuant to 42 U.S.C. § 1983 against William A. Eleby, Chief of the Bureau of Classification and Reception at the Ohio Department of Rehabilitation and Correction (ODRC), Terry Collins, the ODRC Deputy Director of Institutions, and Wanza Jackson, the Warden of the Warren Correctional Institution (WCI). This matter is before the Court on plaintiff's complaint, motion for issuance of a temporary restraining order and/or preliminary injunction, and application to proceed *in forma pauperis*.

    Plaintiff has failed to submit a certified copy of his prison trust fund account statement (or institutional equivalent) in accordance with the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(a)-(h). Even assuming the verity of plaintiff's *in forma pauperis* application, this Court has previously found that plaintiff is prevented by the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), from filing any civil action in this Court *in forma pauperis* because he has filed at least three frivolous actions in this Court in the past. *See Bristow v. Huffman,* C-1-99-385 (S.D. Ohio May 24, 1999)(Spiegel, J.)(Doc. 3). In view of his three "strikes," plaintiff may not proceed *in forma pauperis* in this case unless the statutory exception applies, that is, unless he "is under imminent danger of serious physical injury." § 1915(g). Plaintiff's complaint alleges facts which, if true, would suggest he is under imminent danger of serious physical injury. Those facts are as

follows.

Plaintiff is a former Protective Control inmate at WCI. On December 16, 2005, WCI Warden Wanza Jackson requested authorization from defendant Eleby to transfer plaintiff from the WCI Protective Control Unit to the Southern Ohio Correctional Facility. Plaintiff appealed the transfer decision to Mr. Eleby, who denied the appeal and approved the transfer.

Plaintiff alleges that his safety is seriously compromised by the transfer to SOCF. Plaintiff alleges he was initially placed in Protective Control in 2001 because while he was an SOCF inmate he testified against fellow SOCF Inmate Hamilton resulting in a lengthy prison sentence for Hamilton. Hamilton allegedly advised other SOCF inmates that plaintiff was a snitch. Thereafter, plaintiff allegedly received a written death threat from SOCF Inmate Reed for testifying against his "brother," a reference to the Aryan Brotherhood prison gang. Plaintiff was then transferred to the Warren Correctional Institution in August 2001 and placed in Protective Control. Plaintiff alleges he also informed on SOCF Inmate Ayers in 2003, resulting in Inmate Ayers' institutional conviction and loss of privileges. Plaintiff states that while Ayers is no longer at SOCF, he is affiliated with the Aryan Brotherhood prison gang who pose a threat to plaintiff. Plaintiff further alleges that in 2004, he informed on former SOCF Sergeant Rucker, who was then an inmate at SOCF. Plaintiff states that Rucker has family who currently work at SOCF. Plaintiff states that in August 2005, he informed on yet another SOCF inmate, Tim Conley, resulting in Conley's placement in segregation. Plaintiff alleges Conley has "many friends who are placing Bristow's life in danger at SOCF." (Complaint, ¶74). The complaint also alleges that on December 5, 2005, plaintiff was convicted of aggravating menacing for allegedly making death threats against SOCF Warden Edwin Voorhies.

2

Plaintiff's complaint further alleges numerous incidents of serious misconduct on his part at WCI and other institutions throughout the State of Ohio. Plaintiff alleges that numerous requests were made to return him to SOCF because of these incidents, but that such requests were denied because he was "barred from SOCF." Plaintiff alleges that defendant Collins "guaranteed" that plaintiff would not be sent back to SOCF. (Complaint, ¶¶31-35).

Plaintiff further states that on January 5, 2005, defendant Eleby raised plaintiff's security level to "level 4." Plaintiff was advised that the reason for his transfer to SOCF was his security level. He alleges that seventeen other level 4 inmates reside in the WCI Protective Control Unit and have not been transferred because of their security levels. Plaintiff alleges his transfer to SOCF is actually in retaliation for the numerous lawsuits he has filed on behalf of himself and other inmates contesting "the way protective control is operated" by Ohio prison officials. (Complaint, ¶¶43-52). Plaintiff seeks an injunction transferring him back to Protective Control and damages.

The facts alleged in plaintiff's complaint, if true, suggest he is under imminent danger of serious physical injury by his transfer to SOCF. Therefore, he would meet the exception for proceeding *in forma pauperis* assuming he in fact is otherwise financially qualified.

Plaintiff is **ORDERED** to submit a certified copy of his trust fund account statement (or institutional equivalent) or pay the full filing fee of $250 within **seven (7)** days of the date of this Order. 28 U.S.C. § 1915(a)(2).

**IT IS HEREBY ORDERED** that the SOCF cashier release to plaintiff or submit to the Court a certified copy of plaintiff's trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the date of this Order.

3

Given the serious nature of plaintiff's allegations, defendants are **ORDERED** to file a response to plaintiff's motion for issuance of a temporary restraining order and/or preliminary injunction within **seven (7)** days of the date of this Order.

**THE CLERK OF COURT IS DIRECTED** to serve, by certified mail, a copy of plaintiff's complaint and motion for issuance of a temporary restraining order and/or preliminary injunction on defendants Eleby, Collins, and Jackson, and on the Office of the Ohio Attorney General. The Clerk is **DIRECTED** to send a copy of this Order to the cashier of SOCF where plaintiff is confined. The Clerk is **DIRECTED** to file, with a civil case number, plaintiff's application to proceed *in forma pauperis* as document 1, plaintiff's complaint as document 2, plaintiff's motion for issuance of a temporary restraining order and/or preliminary injunction as document 3, and this Order as document 4.

Upon receipt of the responses from the parties to this Order, the Court shall determine whether plaintiff may proceed *in forma pauperis* in this matter and, if so, whether plaintiff is entitled to preliminary injunctive relief.

**IT IS SO ORDERED.**

Date: 1/3/06

*Timothy S. Black*
Timothy S. Black
United States Magistrate Judge

4